Cameron S. Kirk, Esq. (SB# 108013)
Karin P. Beam, Esq. (SB# 112331)
SPAULDING McCULLOUGH & TANSIL LLP
90 South E Street, Suite 200
P.O. Box 1867
Santa Rosa, CA 95402
Telephone: (707) 524-1900
Facsimile: (707) 524-1906
kirk@smlaw.com; beam@smlaw.com

Attorneys for Defendant
REDWOOD OIL COMPANY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH, a Non-Profit Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>REDWOOD OIL COMPANY, INC. and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 4:08-cv-02141-CW<br><br>DEFENDANT REDWOOD OIL COMPANY, INC.'S REQUEST FOR JUDICIAL NOTICE<br><br>Date: August 28, 2008<br>Time: 2:00 p.m.<br>Courtroom: 2<br>Judge: Hon. Claudia Wilken |

Defendant Redwood Oil Company, Inc., by and through its attorney, hereby requests the Court to take judicial notice pursuant to Federal Rule of Evidence 201 of the following fact:

1. There is a Consent Decree and Order filed in Case Number: C 99-04610 WHA, endorsed filed stamped November 29, 2000, entered in the civil docket November 30, 2000, which Consent Decree and Order pertains to the issues at bench.

2. A true and correct copy of the Consent Decree and Order is attached hereto as Exhibit "A."

DATED: June 19, 2008

SPAULDING McCULLOUGH & TANSIL LLP
Attorneys for Defendant
REDWOOD OIL COMPANY, INC.

By: /s/ Karin P. Beam
Karin P. Beam

# EXHIBIT A

Jack Silver, Esquire SBN# 160575
Northern California Environmental Defense Center
11220 Occidental Road
Sebastopol, California 95472
Telephone: (707) 527-8811

Attorney for Plaintiff
Northern California River Watch

FILED
2000 NOV 29 PM 2:51
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA

ORIGINAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

22 Btc

NORTHERN CALIFORNIA RIVER WATCH, a non-profit corporation,

Plaintiff,

vs.

REDWOOD OIL COMPANY, PETER VAN ALYEA, ROBERT I. BARBIERI

Defendants.

CASE NO: C ~~99-04160~~ 99-04610 WHA

**CONSENT DECREE AND ORDER**

ENTERED IN CIVIL DOCKET 11/30/00

ENTERED IN CIVIL DOCKET ____________

WHEREAS, in on or about November 17, 1999 plaintiff Northern California River Watch, a nonprofit corporation on behalf of itself and its members, (hereafter, "River Watch") filed this action alleging that defendants Redwood Oil Company, Peter Van Alyea and Robert I. Barbieri (hereafter, "Redwood Oil") were in violation of the Federal Resource Conversation and Recovery Act (42 U.S.C. 6901 et seq.) (hereafter, "RCRA"), California's Safe Drinking Water & Toxic Enforcement Act of 1986 (H & S C § 25249.5, et seq.) (hereafter, "Prop 65"), Fish & Game Code §5650, Penal Code §374.8, Health and Safety Code §25507, and Business & Professions Code §17200 et seq due to the contamination of drinking water and ground water supplies at their bulk and retail facilities (hereafter, "Facilities") listed in Exhibit A, attached

COPIES MAILED TO SUBMITTING COUNSEL

herein and incorporated by reference. River Watch also alleged violations of Section 301(a) of the Federal Water Pollution Control Act (hereafter, "Clean Water Act"),33 U.S.C. § 1311(a), due to discharges of storm water containing pollutants to surface waters in violation of effluent limitations and reporting and monitoring requirements of State Water Resources Control Board (hereafter, "SWRCB") Water Quality Order No. 97-03 DWQ, National Pollutant Discharge Elimination System (hereafter, "NPDES") General Permit No. CAS000001, (hereafter, "SWRCB General Industrial Storm Water Activity Permit" or "General Permit") issued pursuant to Section 402 of the Clean Water Act, 33 U.S.C. § 1342 at the Facilities; and,

WHEREAS, the Complaint requests declaratory and injunctive relief, the imposition of civil penalties for each violation of the aforementioned laws and statutes, and award to River Watch of its litigation costs, including reasonable attorney and witness fees; and,

WHEREAS, River Watch further contends that the alleged historical discharge of pollutants and the alleged violations have and would cause harm to River Watch and its members from the loss of property and personal rights arising from their inability to use ground water and navigable waterways free from pollution, and,

WHEREAS, Redwood Oil contends it is in compliance with all applicable regulations and laws and denies the allegations set forth in the Complaint; and

WHEREAS, the parties have agreed that it is in their mutual interests to enter into this Consent Decree setting forth the terms and conditions appropriate to resolving the allegations set forth in the Complaint,

WHEREFORE, pursuant to Rule 41 of the Federal Rules of Civil Procedure, the parties hereby agree, by and through the undersigned, that this action may be dismissed upon the following stipulations and conditions:

1. This Court has subject matter jurisdiction over all Federal causes of action in this complaint pursuant to Clean Water Act §505(a)(1), 33 U.S.C. §1365(a)(1), RCRA § 7002(a)&(b), 42 U.S.C. §6972 (a)&(b) and 28 U.S.C. §1221 (an action for declaratory and injunctive relief arising under the Constitution and laws of the United States). This Court has

supplemental jurisdiction over all State based causes of action in this complaint pursuant to 28 U.S.C. §1367, as those claims form part of the same case or controversy as the Federal causes of action.

2. Venue is appropriate in this Court pursuant to 33 U.S.C. §1365(c)(1) and RCRA §7002(a)&(b), 42 U.S.C. §6972 (a)&(b) in that the defendants' corporate offices are located in this District and all of the sites of pollution are located in the Northern District as well.

3. The Complaint states a claim upon which relief may be granted against Redwood Oil.

4. This Consent Decree comes within the scope of the case set forth in the pleadings.

5. It is agreed by the parties to this Consent Decree and the terms thereof, that this settlement is not an admission of any fault or liability by any party, but is a compromise and settlement of disputed claims and that all parties deny liability and enter into this Consent Decree to avoid further litigation.

6. This Court shall retain jurisdiction to enforce this Consent Decree and all of its terms and provisions.

7. Site-by-Site Cleanup and Abatement Schedule:

a. Each Redwood Oil site listed in Exhibit B will be examined and a schedule (hereafter, "Schedule")to address site remediation will be prepared and presented by Redwood Oil to the applicable lead agency (hereafter "LA") for approval within four (4) years.

i. Redwood Oil shall make available for inspection by River Watch, within twenty (20) days of a written notice, any and all files requested relating to the Facilities' underground tank clean up, ground water pollution, stormwater pollution and/or associated pollution issues of the Facilities.

ii. Redwood Oil shall provide copies at their cost, of any and all reasonable requests for documents by River Watch relating to underground tank clean up, ground water pollution, stormwater pollution and associated pollution issues of the Facilities.

iii. Redwood Oil shall make any and all Facilities available for inspection by River Watch, within twenty (20) days of written notice to Peter Van Alyea and Robert I.

Barbieri .

iv. Redwood Oil shall comply with all agency orders (herein "Order") subject to paragraph 7(b) below.

b. Should the implementation by Redwood Oil of the Schedule or Orders set forth above not take place within the deadlines set despite the timely good faith efforts of Redwood Oil to acquire the necessary permit(s), approval(s), review or other necessary steps by the supervising Federal, State, or Local agency or agencies, or due to factors unforseen at the time this Consent Decree was entered into, Redwood Oil agrees to meet and confer with LA staff to modify, by agreement, the deadlines set forth in the Schedule or Order to reflect the necessary permitting process(es) or other basis for delay. Redwood Oil shall notify River Watch in writing as soon as the potential failure to comply becomes apparent, in any case not less than twenty (20) days prior to any deadline set forth in the Schedule, and shall describe the reasons for the potential delay.

c. Should LA staff agree that an adjustment in the Schedule or Order is warranted, River Watch will agree to the modification.

d. Should LA staff not agree an adjustment is warranted and Redwood Oil refuses to comply with the Schedule or Order or is reasonably unable to comply due to financial hardship and subject to proof, the parties shall submit the matter to mediation within twenty (20) days, or as soon as reasonable, of the written request for mediation by either party. The cost for mediation shall be borne by Redwood Oil.

e. Should mediation fail, River Watch would be free to seek compliance of the Schedule through the Court.

8. Compliance with California's General Stormwater Permit Including a Comprehensive SWPPP Which Covers the Bulk Facilities and Retail Sites:

Redwood Oil shall prepare when required by State of Federal law a comprehensive SWPPP and implement that plan at all their bulk and retail Facilities. The plan must meet with the approval of RWQCB staff and River Watch. If Redwood Oil's SWPPP is prepared by any

licenced professional consultant, River Watch will not challenge the adequacy of the SWPPP. The SWPPP must be implemented within one (1) year after the date of preparation.

9. Payment by Redwood Oil into a Remediation Fund:

a. Redwood Oil shall pay the sum of Thirty Seven Thousand Five Hundred Dollars ($37,500.00) each year for the next eight (8) years, total payment Three Hundred Thousand Dollars ($300,000.00), to the Green Earth Foundation, a 501(c)(3) non-profit corporation.

b. These payments are to be made on or before November 1st of each year, beginning November 1, 2000 and continuing until November 1, 2007.

c. This money shall be designated for protection of drinking water sources, identification of source pollution, and other projects intended to redress the underlying harm alleged by River Watch in its Complaint. The Green Earth Foundation shall produce an annual report detailing the grants and projects funded each year by these remediation funds. This report shall be made available to all interested parties including the U.S. Department of Justice and U.S. Environmental Protection Agency.

10. Payment of River Watch's Reasonable Attorney Fees and Costs:

a. Redwood Oil shall pay River Watch's reasonable attorney fees and costs as they are incurred from August 2, 1999, the date of the 60-Day Notice Letters, until the final payment of remediation funds is made, on or about November 1, 2007.

b. The total fees and costs shall not exceed One Hundred Seventy Five Thousand Dollars ($175,000.00) and shall exclude the copying costs for Redwood Oil documents requested by River Watch and provided by Redwood to River Watch as referenced in Section 7(a)(i & ii) of this Consent Decree, and any fees and costs incurred by River Watch in enforcing this agreement as provided in Section 7(e) of this Consent Decree above or Sections 10(f) and 11 below .

c. Fees, at a rate of Two Hundred Twenty Dollars ($220.00) per hour and costs shall be paid as incurred in the course and scope of this case reasonably calculated to be necessary to investigate and monitor this Consent Decree and Redwood Oil's compliance, including but

not limited to time and costs expended investigating this case, examining files, research, including the law and technical issues reasonably related to the case or the issues it presents, conferring with River Watch Board or officers or River Watch members, site visits to the Facilities, court appearances, travel, meetings, telephone calls, conferences, document drafting, and other related activities.

      d.    River Watch shall present its billings to Gary Nadler, attorney for Redwood Oil, or other designated representatives. Redwood Oil shall pay all billings within twenty (30) days of submittal.

      e.    If Redwood Oil objects to any portion(s) of the billings they must do so within twenty (20) days of submittal or their objections shall be waived. Said objections must be made in writing specifically identifying the item(s) objected to and the reason for the objection. Redwood Oil must timely pay for all items for which they have not objected.

      f.    If the parties cannot resolve the issue of payment for the contested item(s) within twenty (20) days of Redwood Oil's written objection, the parties agree to submit the issue within thirty (30) days of Redwood's written objections to a neutral arbitrator mutually agreed upon by the parties. The arbitration shall be binding upon both parties. The cost for arbitration shall be borne by Redwood Oil.

11. In the event River Watch believes Redwood Oil is in violation of this Consent Decree, River Watch shall notify Redwood Oil of the alleged violation(s) in writing. Redwood Oil shall then have twenty (20) days from receipt of the notice to respond to the allegations. If Redwood Oil consents to the claim of violation and proceeds to commence remedial actions within twenty (20) days of acknowledging a violation and diligently pursues completion, River Watch shall take no further action against Redwood Oil. In the event Redwood Oil denies or does not acknowledge the claim of violation, within thirty (30) days of the notice the parties shall meet and confer in an effort to mediate the dispute. If the parties cannot informally resolve the conflict the parties shall submit the matter to mediation within thirty (60) days or as soon as reasonable possible after the date they informally met and conferred. The cost for mediation

shall be borne by Redwood Oil. Should mediation fail, either party may apply to this Court for declaratory relief and possible further action, including injunction, sanctions, fees, costs, and penalties.

12. All communications between River Watch and Redwood Oil shall be made as follows:

   a. To Redwood Oil;   Peter Van Alyea
                                  Redwood Oil Company
                                  455 Yolanda Avenue
                                  Santa Rosa, CA 95404

                                  Gary Nadler, Esq.
                                  765 Baywood Drive, #141
                                  Petaluma, California 94952

   b. To River Watch;   Jack Silver, Esq.
                                  Silver & Silver
                                  902 Stevenson St.
                                  Santa Rosa, CA 95404

13. This Consent Decree may be plead as a full and complete defense to, and may be used as the basis for, any injunction against any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of this Consent Decree.

14. This Consent Decree and its terms shall inure to the benefit of and be binding upon each of the parties and each and all of their respective predecessors, successors, assignees, buyers, grantees, vendees or transferees as though they were parties to this action.

15. Each of the parties have been fully advised by their attorney as to this Consent Decree and all provisions contained within it, or have decided voluntarily to forego such advice with the full understanding of the repercussions of so doing, and acknowledge signing this Consent Decree based solely upon the written representations contained in this Consent Decree, and not based on any inducement, promise or representation not expressly stated in this Consent Decree. Additionally, each of the parties acknowledges, in signing this Consent Decree, that it constitutes the full, complete, and entirety of the terms and conditions agreed to by them in settling the dispute between them.

16. This Consent Decree is made and entered into under the laws of the State of California and the United States and shall be interpreted, governed and enforced under and pursuant to

these laws.

17. Should any provision of this Consent Decree be held invalid or illegal, such illegality shall not invalidate the remainder of this Consent Decree. In that event, this Consent Decree shall be construed as if it did not contain the invalid or illegal part, and the rights and obligations of the parties shall be construed and enforced accordingly.

18. The parties have mutually negotiated this Consent Decree and the doctrine of *contra proferentum* does not apply.

19. Each signatory of this Consent Decree signing on behalf of another, warrants that he or she has the authority to sign on behalf of said person or entity and all persons covered by this Consent Decree. This Consent Decree may be executed in counterparts with each counterpart being interpreted as an original.

20. Each party consents to the entry of this Consent Decree and Order subject to the provisions of Clean Water Act § 505(c)(3) that "[n]o consent judgment shall be entered in an action in which the United States is not a party, prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator [of the USEPA]." 33 U.S.C. § 1365(c)(3), and the provisions of RCRA § 7002(d) that "[i]n any action under this section the Administrator, if not a party, may intervene as a matter of right."

21. Pursuant to California Health & Safety Code § 25249.7(f), plaintiff shall deliver a copy of this Consent Decree and any other required reporting form, that includes the results of this settlement or judgment, and the final disposition of this case. In addition, plaintiff shall file an affidavit verifying that the report required by this subdivision has been accurately completed and submitted to the Attorney General.

22. On 9/ 26 / 00 River Watch sent this proposed Consent Decree, signed by each of the parties, by mail to the Environmental Protection Agency and the Department of Justice. Upon written notification by that those agencies' reviews have concluded, or the expiration of the 45 day period, whichever is the earlier, River Watch will request that the Court enter this Consent Decree.

23. This Court shall retain jurisdiction from the date of entry of this Consent Decree through the date of termination of this Decree for the purposes of this Decree. In addition, following the date of termination of this Consent Decree, this Court shall retain jurisdiction for the purposes of (1) resolving any dispute of this Decree, and (2) disposing of any motion to enforce this Decree, or of any contempt petition, filed on or before the date of termination.

24. This Consent Decree shall terminate as to each of its provisions on November 1, 2007.

Respectfully submitted this 25 day of Sept., 2000.

DATED: 9/25/00 Northern California River Watch

DATED: 9/11/00 Redwood Oil Co.

DATED: 9/11/00 Peter Van Alyea

DATED: 9/11/00 Robert I. Barbieri

APPROVED AS TO FORM:

DATED: 9.25.2000 Jack Silver
Attorney for Northern California River Watch

DATED: 9/20/00 Gary Nadler
Attorney for Redwood Oil Co., Peter Van Alyea, Robert I. Barbieri

**IT IS SO ORDERED.**

Dated: 11-29-00

WILLIAM H. ALSUP
UNITED STATES DISTRICT COURT

# EXHIBIT "A"

4925 Sonoma Hwy, Santa Rosa, CA
7716 Old Redwood Hwy, Cotati, CA
5640 Sebastopol Rd, Sebastopol, CA
1100 Bennett Valley Rd, Santa Rosa, CA
9120 Old Redwood Hwy, Windsor, CA
1855 Guerneville Rd, Santa Rosa, CA
781 South Main St, Willits, CA
1099 So State St, Ukiah, CA
1165 Cloverdale Blvd, Cloverdale, CA
421 Petaluma Blvd So, Petaluma, CA
830 Redwood Dr, Garberville, CA
455 Yolanda Avenue, Santa Rosa, CA
2200 Commerce Place, Hayward, CA
50 W Lake Mendocino Dr, Ukiah, CA
1050 So Main St, Lakeport, CA
875 Main St, Fortuna, CA
Hwy 101 & Patricks Pt, Trinidad, CA
315 Hwy 101 So, Crescent City, CA
1455 Beach Park Blvd, Foster City, CA
1615 MacArthur Blvd, Oakland, CA
1321 23rd St, San Pablo, CA
4447 West End Road, Arcata, CA
1221 Healdsburg Avenue, Healdsburg, CA
108 Healdsburg Avenue, Healdsburg, CA
1800 S. River Rd, W. Sacramento, CA
1875 S. River Rd, W. Sacramento, CA
E & 14th Street, Marysville, CA
125 E. 12th Street, Marysville, CA
203 Pleasant Avenue, Auburn, CA
4700 Pacific Street, Rocklin, CA
2060 Eloise Drive, S. Lake Tahoe, CA
570 Old Redwood, Mill Valley, CA
1789 Sir Francis Blvd, Fairfax, CA
1011 Lincoln Ave, San Rafael, CA
5 Ashford Ave, Mill Valley, CA
Hwy 1, Pt. Reyes, CA
258 Roseland Ave, Santa Rosa, CA
5200 Old Hwy 53, Clearlake, CA
1320 Second Street, San Rafael, CA
Third and Davis, Santa Rosa, CA
1680 Mendocino Avenue, Santa Rosa, CA
300 E. College Avenue, Santa Rosa, CA
235 South Cloverdale Blvd, Cloverdale, CA
1400 West Capitol Avenue, Sacramento, CA
1st and X Street, Eureka, CA
75 Mayfair Street, Willow Creek, CA
760 Sebastopol Road, Santa Rosa, CA
401 Healdsburg Avenue, Healdsburg, CA
110 North Main Street, Willits, CA
2200 Airport Blvd, Santa Rosa, CA
101 Cloverdale Blvd, Cloverdale, CA

5581 Paradise Drive, Corte Madera, CA
7716 Front Street, Forestville, CA
1333 Fourth Street, Santa Rosa, CA
Highway 2999 and Country Club, Willow Creek
50 Commercial St, Covelo, CA
76220 Commercial Street, Covelo, CA

**EXHIBIT "B"**

4925 Sonoma Hwy, Santa Rosa, CA
7716 Old Redwood Hwy, Cotati, CA
5640 Sebastopol Rd, Sebastopol, CA
1100 Bennett Valley Rd, Santa Rosa, CA
9120 Old Redwood Hwy, Windsor, CA
1855 Guerneville Rd, Santa Rosa, CA
781 South Main St, Willits, CA
1099 So State St, Ukiah, CA
421 Petaluma Blvd So, Petaluma, CA
830 Redwood Dr, Garberville, CA
455 Yolanda Avenue, Santa Rosa, CA
1221 Healdsburg Avenue, Healdsburg, CA
1800 S. River Rd, W. Sacramento, CA
4700 Pacific Street, Rocklin, CA
2060 Eloise Drive, S. Lake Tahoe, CA
1011 Lincoln Ave, San Rafael, CA
235 South Cloverdale Blvd, Cloverdale, CA
1st and X Street, Eureka, CA
760 Sebastopol Road, Santa Rosa, CA
401 Healdsburg Avenue, Healdsburg, CA
110 North Main Street, Willits, CA
2200 Airport Blvd, Santa Rosa, CA
101 Cloverdale Blvd, Cloverdale, CA
76220 Commercial Street, Covelo, CA
7716 Front Street, Forestville, CA
50 Commercial St, Covelo, CA