1  Cameron S. Kirk, Esq. (SB# 108013)
   Karin P. Beam, Esq. (SB# 112331)
2  SPAULDING McCULLOUGH & TANSIL LLP
   90 South E Street, Suite 200
3  P.O. Box 1867
   Santa Rosa, CA  95402
4  Telephone:     (707) 524-1900
   Facsimile:       (707) 524-1906
5  kirk@smlaw.com; beam@smlaw.com

6  Attorneys for Defendant
   REDWOOD OIL COMPANY, INC.
7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  NORTHERN CALIFORNIA RIVER WATCH, a Non-Profit Corporation, | Case No.:  4:08-cv-02141-CW |
| 12  Plaintiff, | DEFENDANT REDWOOD OIL COMPANY, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND FOR INJUNCTIVE RELIEF |
| 13  vs. | |
| 14  REDWOOD OIL COMPANY, INC. and DOES 1-10, inclusive, | |
| 15  Defendants. | (Federal Civil Procedure 12(b)(6)) |
| 16 | Date:  August 28, 2008 Time:  2:00 p.m. Courtroom:     2 Judge: Hon. Claudia Wilken |

19                        I. STATEMENT OF FACTS

20     This matter arises out of a number of real properties located in Northern California, all owned

21  or leased at some point by defendant Redwood Oil Company, Inc. (hereinafter "Redwood Oil").  At

22  various times over the past 20 years or so, gasoline service stations were operated on the properties.

23  (Declaration of Peter Van Alyea, hereinafter "Van Alyea Decl.", filed herewith and incorporated

24  herein by reference.)

25     In the year 2000, Redwood Oil was sued by plaintiff Northern California River Watch

26  (hereinafter "River Watch").  River Watch is the same environmental non-profit corporation which is

27  the plaintiff in the current case at bench.  The litigation filed by River Watch in 2000 alleged claims

28  against Redwood Oil derivative of various environmental statutory regulations, all directed to

1

DEFENDANT REDWOOD OIL COMPANY, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES     4:08-cv-02141-CW
IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1  ownership of or leasehold interests held by Redwood Oil in real property through Northern
2  California.  The real property which formed the basis of the original 2000 litigation included the sites
3  now at issue in the case at bench.  (VanAlea Decl.)
4      In late 2000, River Watch and Redwood Oil entered into a settlement agreement.  The
5  agreement was recorded and described in a Consent Decree and Order, filed in the United States
6  District Court, Northern District of California, in Case Number 99-04610 WHA.  The Consent
7  Decree and Order was executed by representatives of River Watch and Redwood Oil, together with
8  counsel for both parties.  The Honorable William H. Alsup, United States District Court signed the
9  Order.  (Van Alyea Decl.)  A copy of the Consent Decree and Order is attached as Exhibit A to
10  Redwood Oil's Request to Take Judicial Notice, filed herewith and incorporated herein by reference.
11      The Consent Decree made by River Watch and Redwood Oil specified a process for
12  remediation of the real properties it encompassed.  Redwood Oil was to work with applicable
13  governmental agencies to remediate the sites described in the Decree.  The schedule for addressing
14  site remediation was to be prepared and presented by Redwood Oil to the applicable agency for
15  approval within four years of the date the agreement was made.  Various additional responsibilities
16  were undertaken by Redwood Oil, all of which have been fulfilled.  (Van Alyea Decl.)
17      By its own terms, the Consent Decree and Order specifies a mechanism for resolution of any
18  disputes that might arise therefrom.  At page 6, clause 11, River Watch is obligated to notify
19  Redwood Oil of any alleged violations of the Decree in writing.  Redwood Oil is to be given an
20  opportunity to respond, and if the allegation of violation is either denied by Redwood Oil or not
21  acknowledged, the parties are to proceed to mediation.  This procedure was not followed.  (Van
22  Alyea Decl.)
23      In addition, the Consent Decree and Order describes the retention of jurisdiction by the
24  original Court "for the purposes of resolving any dispute or disposing of any motion to enforce the
25  Decree."  In other words, any issues pertaining to the real property which is addressed by the Consent
26  Decree must be the subject of a motion to enforce a settlement, even assuming arguendo that River
27  Watch has not waived its rights to complain in Court about the allegations it now makes.  As a
28  consequence, the matter presently pending before the District Court is wholly improper and lacks

2

DEFENDANT REDWOOD OIL COMPANY, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES    4:08-cv-02141-CW
IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1  jurisdiction. It is not a Motion to Enforce Settlement but a wholly new Complaint starting from
2  "scratch" when settlement has been confirmed previously by this Court. Any dispute arising out of
3  the Consent Decree and Order must have followed the agreed procedure, and cannot be properly
4  brought to this Court as an original filing attempting to recreate a wheel that has already been driven
5  away.

6  II. STATEMENT OF THE LAW

7  Rule 12(b) of the Federal Rules of Civil Procedure ("FRCP") provides a number of different
8  bases for the Court to dismiss an action, including lack of subject matter jurisdiction (FRCP 12(b)(1))
9  and a failure of the pleading to state a claim upon which relief can be granted (FRCP 12(b)(6)).
10 Although a defendant is the moving party on a motion to dismiss, it is the plaintiff who originally
11 invoked the court's jurisdiction. Therefore, plaintiff bears the burden to prove the necessary
12 jurisdictional facts to establish appropriate jurisdiction. (Schwarzer, Tashima & Wagstaffe, <u>Federal</u>
13 <u>Civil Procedure Before Trial</u>, ¶¶9:77, 9:113, citing *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d
14 1007, 1019 (9th Cir. 2002).

15 Here, because a Consent Decree is considered a judgment, the Order entered in the year 2000
16 has the full force and effect of *res judicata*. (*SEC v. Randolph* (1984) 736 F.2d 525, 528.) Under
17 these circumstances, where secondary litigation is filed based on the original claims resolved, the
18 courts are entitled to *sua sponte* dismiss an action on the grounds of *res judicata* so as to avoid
19 "unnecessary judicial waste." (*Doe v. P. Frommer* (1998) 148 F.3d 73, 80.) The *res judicata* defense
20 to a complaint can be raised by a Rule 12(b)(6) motion when the relevant facts are shown by the
21 court's own records. (*Day v. Moscow* (1992) 955 F.2d 807, 811.)

22 Citing *Badgley v. Santacroce*, 800 F.2d 33, 38 (2d Cir.1986) (footnotes omitted), *cert. denied,*
23 479 U.S. 1067, 107 S.Ct. 955, 93 L.Ed.2d 1003 (1987), the 9th Circuit has held that: "The respect due
24 the federal judgment is not lessened because the judgment was entered by consent . . . . The strong
25 policy encouraging settlement of cases requires that the terms of a consent judgment . . . be respected
26 as fully as a judgment entered after trial."

27 In addition, at this stage of the pleadings, a party may apply to a Court for an injunction
28 requiring dismissal of a "rival action" when the Court has retained jurisdiction of an earlier case to

3

enforce a settlement.  (*Henson v. Ciba-Geigy Corporation* (2001) 261 F.3d 1065; *Syngenta Crop Protection, Inc. v. Henson* (2002) 537 U.S. 28, 33)  The facts at hand are in accord.

In this case, Redwood Oil has spent over $14,000,000.00 working with regulatory agencies to remediate the properties with which it has been affiliated.  It denies the allegations of the claims now pending against it.  But it also believes that River Watch is itself in violation of the Consent Decree and Order, and has failed to properly follow the procedures required to enforce the terms of the settlement it made.  Based on these procedural failures, Redwood Oil does not believe River Watch can maintain an action even to enforce the terms of the Consent Decree.

Preliminarily, however, River Watch cannot invoke the jurisdiction of the very Court where it already settled the issues between these parties to begin a brand new case on the same claims.  The Consent Decree provided the terms of a resolution between these parties, and if River Watch is still concerned about any of these properties, it must utilize the Consent Decree to address the concerns.  Redwood Oil paid a good deal of money to save expenditures in litigation on these claims.  It asks the Court to enforce the parties' agreement as confirmed by the Court, and to dismiss the pending action on the basis of FRCP 12(b)(6), and/or to enjoin prosecution of these claims under the doctrine of *res judicata*.

### III. CONCLUSION

Based on the above-described law and facts, Redwood Oil respectfully requests that this Court dismiss the pending case against it, and to enjoin River Watch from further prosecution of the claims it settled.

DATED:  June 19, 2008            SPAULDING McCULLOUGH & TANSIL LLP
                                 Attorneys for Defendant
                                 REDWOOD OIL COMPANY, INC.


                                 By:    /s/ Karin P. Beam
                                        Karin P. Beam

4

DEFENDANT REDWOOD OIL COMPANY, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES        4:08-cv-02141-CW
IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT